IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | } | |
| | } | CRIMINAL NO. 2:15cr132 |
| v. | } | |
| | } | Honorable Mark S. Davis |
| STEPHANIE ALMOND | } | |
| | } | Sentence Date: May 4, 2016 |
| Defendant | } | |

## POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS

COMES NOW, STEPHANIE ALMOND, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, pursuant to Section 6A 1.2 of the Sentencing Guidelines and Policy Statements and the Court's Sentencing Procedures Order, respectfully states the position of the Defendant with respect to sentencing factors.

Ms. Almond's age and the surrounding facts of her case warrant a sentence below the guideline range, and Defendant requests that she be allowed to serve any sentence on home confinement with electronic monitoring.

### I. STATUTORY AND GUIDELINES OVERVIEW

Ms. Almond comes before the Court for sentencing on one count of Mail Fraud, in violation of 18 U.S.C. § 1341, a Class C Felony. She faces a sentence of 15 to 21 months, a maximum fine of $40,000.00 and up to three years of supervised release. The United States Probation Officer has calculated a Guideline range of 15 to 21 months (Total Offense Level 14; Criminal History Category I). Both the Government and the Defendant object to the Pre-Sentencing Report (hereinafter referred to as "PSR") on the

grounds that it does not apply the 3 level reduction for her mitigating role, which was part of the Defendant's Plea Agreement with the Government. Granting the 3 level reduction would reduce the Defendant's guideline range to 10 to 16 months.

## II. ARGUMENT

It is well established that the Sentencing Guidelines are advisory and that the Court may vary from them. The primary objective of § 3553 (a) is to create a sentence that is "sufficient, but not greater than necessary," considering (1) "nature and circumstances of the offense and the history and characteristics of the defendant" (2) the need for the sentence to reflect the seriousness of the offense, adequate deterrence, to protect the public from further crimes of the defendant and provide the defendant with corrections treatment (3) the kinds of sentences available and (4) the need to avoid unwarranted sentencing departures.

*3553 (a) Factors as Applied to Ms. Almond*

United States District Courts must impose the *least* amount of imprisonment necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553 (a). In determining the sentence to be imposed, the factors under the court's consideration include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and to deter criminal conduct in the future; (3) the kinds of sentence and the sentencing range established for the particular offense; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes.

When considering the Sentencing Guidelines range for Ms. Almond, the court must remember that, "the Guidelines are only one of the factors to consider when imposing sentence..." *Gall v. United States*, 128 S. Ct. 586, 596 (2007).   Given Ms. Almond's characteristics and role in the offense, and by applying a 3 level reduction for her mitigating role, a sentence of no more than 10 months of home confinement with electronic monitoring would be sufficient, but not greater than necessary.

## CONCLUSION

The current calculated Guideline range does not include a 3 level reduction for Ms. Almond's mitigating role, and exceeds a sentence sufficient to comply with the purposes of 18 U.S.C. § 3553 (a).   For the reasons stated above Ms. Almond respectfully requests that the Court impose a sentence of no more of 10 months of home confinement with electronic monitoring.

Respectfully submitted,

STEPHANIE ALMOND

By: _____/s/_____

Moody E. Stallings, Jr., Esq.
Virginia State Bar No. 16985
Attorney for the Defendant
Stallings Law Group, P.C.
2101 Parks Avenue, Suite 801
Virginia Beach, Virginia 23451
Telephone Number: 757-416-6010
Facsimile Number: 757-422-3200
Email: maggies@valawgroup.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of April 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Elizabeth M. Yusi, Esquire
Kevin P. Hudson, Esquire
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone - (757) 441-6331
Email: Elizabeth.yus@usdoj.gov
Email: Kevin.hudson@usdoj.gov


I certify that I have served the following document to the non-filing user by e-mail:


Kristie M. Milby
U.S. Probation Officer
827 Diligence Drive, Suite 210
Newport News, Virginia 23603


_____/s/_____

Moody E. Stallings, Jr., Esq.
Virginia State Bar No. 16985
Attorney for the Defendant
Stallings Law Group, P.C.
2101 Parks Avenue, Suite 801
Virginia Beach, Virginia 23451
Telephone Number: 757-416-6010
Facsimile Number: 757-422-3200
Email: maggies@valawgroup.com